and the verdict and judgment being for the defendants, he appealed to this court.

The case was argued before CHASE, Ch. J. POLK, BUCHANAN, and GANTT, J. by

*Winder*, for the Appellant; and by

*W. Dorsey*, for the Appellees. He cited *Bristow vs. Wright*, 2 *Doug*. 666, 667.

The *first bill of exceptions* was abandoned by the appellant's counsel.

JUDGMENT AFFIRMED.

---

PIERPOINT's Adm'rs. vs. PIERPOINT.

APPEAL from *Baltimore* County Court. Covenant by the appellee against the appellants. The general issue was pleaded; and at the trial the plaintiff gave in evidence the following agreement, dated the 17th of October 1799. "I do promise and oblige myself to convey to *Samuel Pierpoint*, or his assigns. six acres of land, lying between his house and *Sam. Clark's*, as I do acknowledge I have received the full purchase money for said land. In witness" &c. Signed and sealed by *Thomas Pierpoint*. And proved that *T. Pierpoint*, the intestate, executed the same. He also gave in evidence a grant dated the 20th of December 1797, issued to *Joseph, Thomas, Walter, Benedict* and *Samuel Pierpoint*, and *Adam Ground*, as tenants in common, for a tract of land called *Pierpoint's United Defence*, containing 357 acres. He also proved, that the six acres of land, mentioned in the above agreement, is part of the land mentioned in the grant, and that *S. Pierpoint* (the plaintiff.) and *T. Pierpoint*, (the defendants' intestate,) are the same *S.* and *T. Pierpoint* mentioned in the grant. It was admitted by the parties that *T. Pierpoint* never made a conveyance of the six acres of land mentioned in the agreement to the plaintiff, and that the plaintiff had several times requested *T. Pierpoint* to convey the land to him, which he promised to do, but never did, nor has it ever since been conveyed to the plaintiff, or been in his possession, nor a deed of conveyance for the same ever tendered,

1810.
Pierpoint
vs
Pierpoint.

DECEMBER.

Covenant on a promise made in 1799, in writing, under seal, by T. to convey to S. six acres of land, lying in a particular place, the purchase money being received. There had been a grant made to T. and S, and others, as tenants in common, of 357 acres of land, which had not been divided, and the six acres were a part of that tract. T died in 1800, who had in his life-time refused to execute a deed for the land, but there was no evidence that a deed had been tendered to T for him to execute.—*Held*, that S was entitled to recover of the administrators of T, unless they proved to the jury that T had made a regular and legal conveyance of the six acres of land to S, or had tendered a deed for the same.

either before or since the death of *T. Pierpoint*, to the plaintiff; and that the plaintiff never tendered a deed of conveyance for the land to *T. Pierpoint* to be executed by him. The defendant then proved, that *T. Pierpoint* died in September 1800; and thereupon moved the court to direct the jury, that to entitle the plaintiff to recover in this action against the defendants, it is incumbent on him to prove to the jury that he had tendered a deed of conveyance of the six acres of land from *T. Pierpoint* to himself, to *T. Pierpoint*, in his life-time, to be executed by *T. Pierpoint*, and that *T. Pierpoint* neglected or refused to execute the same. This direction the court, [*Nicholson*, Ch. J.] refused to give, but directed the jury, that the plaintiff was entitled to recover in this action against the defendants unless they proved to the jury that *T. Pierpoint* had made a regular and legal conveyance of the six acres of land to the plaintiff, or had tendered a deed of conveyance for the same to the plaintiff. The defendant afterwards moved the court to direct the jury, that *T. Pierpoint* was entitled to a reasonable time to have the land, mentioned in the grant, divided between the several tenants in common thereof, before he was bound to make a conveyance of the six acres, mentioned in the agreement, to the plaintiff; and that *T. Pierpoint* died before that reasonable time had expired. But the court refused to give the direction. The defendants excepted; and the verdict and judgment being against them they appealed to this court.

The cause was argued before CHASE, Ch. J. POLK, BUCHANAN, and GANTT, J.

*Winder*, for the Appellants.

*T. B. Dorsey*, for the Appellee. He cited *Halling's* case, 5 *Coke*, 23. *Heard vs. Wadham*, 1 *East*, 629. *Seton vs. Slade*, 7 *Ves.* 278. *Pincke vs. Curties*, 4 *Bro. Chan. Rep.* 332; and *Smith vs. Burnham*, 2 *Anstr.* 527.

JUDGMENT AFFIRMED.